UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| In re: CLASSICSTAR, LLC ) | |
| ) | |
| NEIL BAKER, ) | Civil Action No. 11-184-JMH |
| ) | Bankruptcy Court No. 09-5155 |
| Appellant, ) | |
| ) | |
| v. ) | |
| ) | |
| JAMES D. LYON, ) | **MEMORANDUM OPINION AND ORDER** |
| Chapter 7 Trustee for ) | |
| ClassicStar, LLC, ) | |
| ) | |
| Appellee. ) | |

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court upon Appellee James D. Lyon's Motion to Lift the Order Holding Appeal in Abeyance and to Dismiss the Appeal [DE 7], as well as Appellant Neil Baker's Motion for a Continuance of the Abeyance and Suspension of Deadlines [DE 9] and Response and Objection to Appellee's Motion to Lift the Order Holding Appeal in Abeyance and to Dismiss the Appeal [DE 11]. In light of the threshold nature of the jurisdictional inquiry urged by Appellee, the Court concludes that it is appropriate at this time to lift the stay in this matter, set in place by the Court's Order of June 10, 2011 [DE 6], and consider whether this Court has jurisdiction over the appeal. Having carefully considered the arguments of the parties, the applicable case law, and the record below, the Court concludes that it does not have jurisdiction over this appeal for the reasons stated below and that this appeal should be dismissed.

Under 28 U.S.C. § 158(a)(1), this Court has jurisdiction to hear appeals of the Bankruptcy Court's "final judgments, orders, and decrees." "Judgment" is defined to include "a decree and any order from which an appeal lies. A judgment should not include recitals of pleadings, a master's report, or a record of prior proceedings." Fed. R. Civ. P. 54(a). Further, "[e]very judgment . . . must be set out in a separate document . . . .," Fed. R. Civ. P. 58(a), and a court – including the Bankruptcy Court – "may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Rule 54(b) continues, as follows:

> Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

The present appeal arises out of an adversary proceeding filed in the Bankruptcy Court in which Appellee alleged that Appellant benefitted from an alleged fraudulent transfer by the debtor. The Bankruptcy Court held a trial of the matter on January 11, 2011, and entered a Memorandum Opinion on March 14, 2011, in which it concluded that a fraudulent transfer occurred.

In connection with that Memorandum Opinion and also on March

14, 2011, the Bankruptcy Court entered an Order of Judgment which read as follows:

> (1) The Court having conducted a trial on this proceeding on January 11, 2011 [Doc. 108], and having entered its Memorandum Opinion with its findings of fact and conclusions of law, IT IS HEREBY ORDERED that JUDGMENT shall be entered for the Trustee in the amount of $801,558.70.
>
> (2) The parties shall file simultaneous briefs addressing the issue of whether the Trustee is entitled to pre- and post-judgment interest, plus costs and reasonable attorneys' fees incurred by the Trustee in connection with the investigation and prosecution fo the instant action in the record within 14 days of entry of this Order.

Appellee then filed a brief requesting prejudgment interest, an award of all costs of litigation, and attorneys fees, among other items. While the issue of judgment, costs, and fees was pending, Appellee sought to execute on the Order of Judgment. Appellant took the position that it was premature to do so, since not all issues were resolved, and filed a Motion to Stay Execution on April 21, 2011.

On April 22, 2011, the Bankruptcy Court entered an Order which read, in its entirety, as follows:

> The Court having entered judgment for the Trustee and having ordered the parties to file simultaneous briefs addressing the issue of whether the Trustee is entitled to pre- and post judgment interest, plus costs and reasonable attorneys' fees [Doc. 118], and the Court having considered the arguments of counsel,

> IT IS HEREBY ORDERED that the Trustee's request for post-judgment interest is GRANTED. The Trustee is entitled to post-judgment interest from the date of entry of the judgment at .25% as set forth in 28 U.S.C. §1961. It is further ordered that the Trustee's request for pre-judgment interest, attorneys' fees, and costs is DENIED.

The Bankruptcy Court scheduled a telephonic hearing on Appellant's Motion to Stay Execution of Judgment on April 28, 2011, after which hearing it entered an Order which read in its entirety as follows:

> This matter having come before the Court on the Defendant's Motion for Order Staying Execution by Plaintiff [Doc. 123] on Order of Judgment [Doc. 118], the Court having reviewed the record and considered arguments of counsel,
>
> IT IS HEREBY ORDERED that the Defendant's Motion to stay the execution of the March 14, 2011 Order for Judgment [Doc. 123] is DENIED.

In his Motion to Lift the Order Holding Appeal in Abeyance and to Dismiss the Appeal, the Trustee argues that Appellant's appeal – dated May 4, 2011 – is untimely because the Order of Judgment entered on March 14, 2011, was the final judgment from which Appellant's time to appeal ran, meaning that the time for filing a notice of appeal expired on March 28, 2011. [*See* Fed. R. Bankr. Proc. 8002 (providing that "notice of appeal shall be filed with the clerk within 14 days of the date of the entry of the judgment, order, or decree appealed from".]

Appellant responds that, since that Order of Judgment reserved

ruling on pre- and post-judgment interest, attorneys' fees and costs sought by the Appellee, the Order of Judgment did not dispose of all disputed issues and was not final. Appellant argues, as well, that since the Order of Judgment resolved only some of the dispute between the parties, i.e., one, but fewer than all claims, and it lacked any express statement that "there [was] no just reason for delay" of entry of a final judgment, then it could not have been final with respect to the issues resolved in the Memorandum Opinion of March 14, 2011. Finally, Appellant argues that, because the Order of Judgment contained a second paragraph which directed the parties to file additional briefing after its entry, it was not a separate document as required of judgments in Fed. R. Civ. P. 58(a) and could not serve as a judgment.

The Court concludes, however, that the Bankruptcy Court's Order of Judgment, dated March 14, 2011, was a final judgment with respect to the sole claim between the parties as it was addressed in its Memorandum Opinion of the same date. First, the Order of Judgment fully disposed of the dispute raised by the single count of the Complaint with the entry of an award of $801,558.70. Second and as a general matter, a judgment is final for appeal purposes even though attorneys' fees have not been determined. *Budinich v. Becton Dickinson and Co.*, 486 U.S. 196, 200 (1988); *Memphis Sheraton Corp. v. Kirkley*, 614 F.2d 131, 133 (6th Cir. 1980). Further, the Court recognizes that, where a court reserves judgment

on the amount of interest due, an order resolving the principal dispute might be interlocutory instead of final where the interest sought is based on the terms of a contract which is the subject of a dispute, *see Memphis Sheraton Corp.,* 614 F.2d at 133, but that is not the case here.  Rather, in this action the issues of interest and even attorneys' fees were discretionary, i.e., they were not based on an agreement of the parties or a statutory provision such that they might have been considered part of the "corpus" of the disputed claim.  On the facts of this case, there is nothing which changes the final nature of the Order of Judgment simply because the bankruptcy court left the determination of what if any attorneys' fees or interest should be awarded for another day.  The amount of liability with respect to the principal dispute had been determined *in toto* and was forth with finality in the Order of Judgment.

Next, the Order of Judgment is clearly a "separate document" as required by Fed. R. Civ. P. 58(a).  Indeed, the Memorandum Opinion from which it springs states that the Court would enter a "separate Judgment consistent [t]herewith," and that is what the Bankruptcy Court did in the Order of Judgment.  The case law upon which Appellant relies to urge this Court to conclude otherwise is simply inapposite.  *See*, *e.g.*, *United States v. Indrelunas*, 411 U.S. 216, 218-219 (1973) (clerk's notation on civil docket did not qualify as a "separate document"); *United States v. Dean*, 519 F.2d

624, 625 (6th Cir. 1975) (statement that summary judgment was granted in a documents setting forth findings of fact and conclusions of law did not a final judgment make because it was not a "separate document"); *United States v. Woods*, 885 F.2d 352, 353 (6th Cir. 1989) (notation in margin of motion for summary judgment that motion was granted was not a "separate document" which constituted a final and appealable judgment).

Ultimately, the Court agrees with Appellee that the Bankruptcy Court's decision to defer a decision on the question of whether to award pre- and post-judgment interest or attorney fees and in what amounts did not change the final nature of the Order of Judgment with respect to its decision on the merits of the claim raised by Appellee. The issues of interest, costs, and attorneys fees were not part and parcel of the fraudulent transfer claim in the Trustee's Complaint, were not based on contract, and were not provided for the prevailing party under either §§ 548 or 550 of the Bankruptcy Code. Rather, those items are collateral, sought separately, and completely discretionary with the trial court.

Having determined that Bankruptcy Court's March 14, 2011, Order of Judgment was a final order of judgment from which the time to appeal ran, Appellant's May 4, 2011, Notice of Appeal was, thus, out of time. *See Saleem v. Toombs*, 875 F.2d 867 (6th Cir. 1989) ("An appellant's failure to file a timely notice of appeal deprives this court of jurisdiction." This Court cannot waive compliance

with the time limits set for the filing of appeals for a timely appeal is a mandatory, jurisdictional prerequisite by which all parties and this Court must abide. *See Ultimate Appliance CC v. Kirby Co.*, 601 F.3d 414, 415 (6th Cir. 2010) (citing *Budinich*, 486 U.S. at 203; *Feltner v. Lamar Adver. of Tenn., Inc.*, 200 Fed.Appx. 419, 422 (6th Cir.2006); *In re Sulzer Orthopedics & Knee Prosthesis Prods. Liab. Litig.*, 399 F.3d 816, 817 (6th Cir. 2005)). This Court is deprived of jurisdiction when a notice of appeal is not timely filed, as in this case, and Appellant's appeal shall be dismissed. *See Bowles v. Russell*, 551 U.S. 205, 215 (2007).

Accordingly, **IT IS ORDERED**:

(1) that Appellee James D. Lyon's Motion to Lift the Order Holding Appeal in Abeyance and to Dismiss the Appeal [DE 7] is **GRANTED**;

(2) that Appellant Neil Baker's Motion for a Continuance of the Abeyance and Suspension of Deadlines [DE 9] is **DENIED**;

(3) that Appellant Neil Baker's appeal is **DISMISSED**;

(4) and that the Clerk shall **STRIKE THIS MATTER FROM THE ACTIVE DOCKET**.

This the 11th day of August, 2011.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge